

FILED 1/20/2017 4:23:43 PM
Cl~~rk~~ ~~District~~ ~~Clerk~~
Me~~dina County~~, ~~Texas~~
By: Rosemary Garza, Deputy
17-01-23995-CV

CAUSE NO _____

| | | |
|---|---|---|
| **JESSE MCCOLLOUGH,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| **COVENANT TRANSPORT, INC.,** | § | |
| *Defendants* | § | **MEDINA COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Jesse McCollough ("Plaintiff") and complains of Covenant Transport, Inc. ("Defendant"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.  Plaintiff is an individual residing in Bexar County, San Antonio, Texas.

3.  Defendant Covenant Transport, Inc. ("Covenant Transport") is a foreign for-profit corporation who regularly conducts business in the State of Texas. Defendant Covenant Transport may be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

### III.
### JURISDICTION & VENUE



EXHIBIT
A

4.      Venue is proper in Medina County, Texas pursuant to § 15.002(a) (1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Medina County, Texas.

5.      This Court has jurisdiction over the parties named herein because Defendant routinely and regularly conduct business in this State.

6.      This Court has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## FACTS

7.      On July 8, 2015, Plaintiff Jesse McCollough was lawfully operating a motor vehicle in Medina County, Texas when suddenly, violently, and without warning, the Plaintiff was struck on the side by an 18 wheeler being driven by Adisa Atere, an employee working for Defendant Covenant Transport, Inc. At all times relevant, Adisa Atere was operating the commercial vehicle while in the course and scope of employment with Defendant Covenant Transport and with the permission and/or consent of Defendant Covenant Transport.  The investigating officer attributed "changed lane when unsafe" to Adisas Atere as a contributing factor to the incident. The investigating officer did not attribute any fault to the Plaintiff.  As a result of the incident, Plaintiff sustained severe and permanent injuries to his body, as more fully set forth below.

## V.
## CAUSES OF ACTION

8.      The collision that made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately and directly caused by the negligent conduct of the Defendant.

9.      Defendant **Covenant Transport** liable under the doctrine of *respondeat superior* in that Adisa Atere was operating the commercial vehicle while in the course and scope of employment

with Defendant Covenant Transport and/or with Defendant Covenant Transport's permission and/or consent.

10.    Additionally, Defendant Covenant Transport was negligent in one or more of the following respects:

      a.    negligent hiring of Adisa Atere;

      b.    negligent entrustment of the vehicle to Adisa Atere;

      c.    negligent training and supervision of Adisa Atere;

      d.    negligent retention of Adisa Atere;

      e.    negligence in failing to ensure driver qualifications.

11.    Plaintiff would further show that the Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff as well as others similarly situated.

12.    The acts and/or omissions on the part of the Defendant constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

13.    The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and Defendant's conduct was the proximate

cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

## VI.
## DAMAGES

14.    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Jesse McCollough suffered severe and permanent bodily injuries to his head, neck, back, and other parts of his body generally.  The injuries have had a serious effect on the Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused his physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause him to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the balance of his natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of his natural life.

15.    Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

   a.    Reasonable medical care and expenses in the past;

   b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

   c.    Physical pain and suffering in the past;

   d.    Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

   e.    Physical impairment and disability in the past;

   f.    Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

   g.    Lost wages in the past;

*PLAINTIFF'S ORIGINAL PETITION*                                                          *PAGE 4 OF 6*

      h.     Loss of wage earning capacity;

      i.     Mental anguish in the past;

      j.     Mental anguish which will, in all reasonable probability, be suffered in the future;

      k.     Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

16.    As a result, the damages sought are in excess of one million dollars ($1,000,000.00).

## VII.
## INTEREST

17.    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

18.    Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

19.    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

20.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

Plaintiff Jesse McCollough respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiff against the Defendant, for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: /s/ Phillip Ripper
    Thomas J. Henry
    SBN: 09484210
    Phillip Ripper
    SBN: 24085866
    pripper-svc@thomasjhenrylaw.com

    ATTORNEYS FOR PLAINTIFF

    *service by email to this address only